## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **META LANGLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )Civil Action No.:   **04-BE-2648-E** |
| | ) |
| **NHB INDUSTRIES, INC., d/b/a** | ) |
| **MASTERBRAND CABINETS, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>MEMORANDUM OPINION</u>

### INTRODUCTION

This case is before the court on Defendant's Motion for Summary Judgment (doc. 17).

For the reasons set forth in this Opinion, the court finds that Defendant's Motion is due to be

**GRANTED in part** and **DENIED in part**.  Specifically, Defendant's Motion is **GRANTED** as

to Count One's sexual harassment claim and Count Three's race discrimination claim.

Defendant's Motion is **DENIED** as to Count One's sex discrimination claims, and Count Two's

age discrimination claim.

### FACTS

As required on a Motion for Summary Judgment, the following facts are stated in the

light most favorable to the non-moving party.

Plaintiff Meta Langley is a fifty-one-year-old white female and a resident of Munford,

Alabama.  She began working at NHB in October, 1997.  From 1997 to 2004, Plaintiff held

various positions at NHB, including cabinet door assembler, inspector, stacker, and saw operator.

Defendant NHB manufactures kitchen and bathroom cabinetry.  It is incorporated in

Indiana and operates a plant in Talladega, Alabama.  Defendant sets its rates of employee compensation based on factors such as market conditions, the nature of the work, the number of employees needed to fill the position, and the skills required for the position.

Plaintiff became a saw operator in 2000.  A saw operator is responsible for operating, programming, and performing light maintenance on the saws that cut wood parts to make cabinets.  The wood varies in terms of size and weight, depending on the types of cabinets the plant is producing at the time.  Plaintiff primarily worked the first shift, on which two other female saw operators and one male saw operator worked.  When Plaintiff began working as a saw operator, she made approximately $6.25 per hour.  During her employment as a saw operator, Plaintiff received a pay raise of $.25 per hour every three months.  By April 2002 she made $9.90 per hour.  In April 2003, she made $10.22 per hour, which was the maximum Defendant paid within the saw operator's pay grade.  In May 2004, after Defendant increased the maximum it paid within the saw operator's pay grade to $10.55 per hour, Plaintiff was given a raise to $10.55 per hour.

Another NHB employee, Casey Brownlow, became a saw operator in September, 2003.  Brownlow was paid $9.29 per hour.  In December, 2003, Brownlow was given a raise to $9.81 per hour.  In March, 2004, Brownlow was paid $10.22 per hour, which was the maximum paid to saw operators.  In May, 2004, after Defendant increased the maximum it paid within the saw operator's pay grade to $10.55 per hour, Brownlow received a raise to $10.55 per hour.  Brownlow is a male under the age of forty.

Jeff Popham also became a saw operator in August, 2003, and was paid $9.29 per hour.  In November, 2003, he was given a raise to $9.81 per hour.  In February, 2004, Popham was

given a raise to $10.22 per hour, which was the maximum paid to saw operators.  In May, 2005, Popham was given a raise to $10.55 per hour.  Popham is also a male.

In the summer of 2003, Defendant documented several issues related to Plaintiff's work performance.  On July 16, 2003, Defendant issued Plaintiff a verbal warning for refusing to perform certain job duties.  On August 20, 2003, Defendant gave Plaintiff a written warning for not wearing personal protective equipment while on the job.  On June 11, 2004, Defendant gave Plaintiff a written warning for unacceptable job performance and failing to meet production levels.  On October 4, 2004, while at the workplace, Plaintiff made an allegedly inappropriate remark based on race and/or national origin.  Although Plaintiff admitted in her deposition that she said she would not "train an arrogant white boy or another Hispanic," she disputes the allegation that this comment was racially insensitive.[1]

On October 15, 2004, Defendant terminated Plaintiff's employment.  As justification for the firing, Defendant cited Plaintiff's (1) failure to meet her production schedule; (2) inappropriate statements in the workplace; and (3) insubordination.

## STANDARD OF REVIEW

Summary judgment allows a trial court to decide cases where no genuine issues of material fact are present.  *See* Fed. R. Civ. P. 56.  A court must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law.  *Id*.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to

---

[1]Langley Dep., pp. 122, 124-26.

interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56).  The movant can meet this burden by offering evidence showing no dispute of material fact, or by showing that the nonmoving party's evidence fails to meet some element of its case on which it bears the ultimate burden of proof.  *Celotex*, 477 U.S. at 322-23.  Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Id*. at 324 (quoting Fed. R. Civ. P. 56(e)).  The responding party does not need to present evidence in a form admissible at trial; "however, he may not merely rest on [his] pleadings." *Id*.

In reviewing the evidence submitted, "the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in [its] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  "The nonmovant need not be given the benefit of every inference but only of every reasonable inference." *Graham v. State Farm Mutual Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999).  After both parties have addressed the motion for summary judgment, the court must grant the motion if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  However, the nonmovant can defeat summary judgment by showing either a genuine issue of material fact or that the movant is not entitled to judgment as a matter of law.

**DISCUSSION**

**I.  Count One's Sexual Harassment Claim and Count Three's Race Discrimination Claim.**

Defendant's Motion for Summary Judgment argues that Count One's sexual harassment claim and Count Three's race discrimination claim fail for multiple reasons.  In opposing a motion for summary judgment, "a party may not rely on his pleadings to avoid judgment against him."  *Ryan v. Int'l Union of Operating Engineers, Local 675*, 794 F.2d 641, 643 (11th Cir. 1986).  The district court bears no burden to distill every potential argument that could be made based upon the materials before it on summary judgment.  *Blue Cross & Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1550 (11th Cir. 1990).  Rather, the onus rests upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.  *Road Sprinkler Fitters Local Union No. 669 v. Independent Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994) (determining that district court properly treated as abandoned a claim alleged in the complaint but not raised by the plaintiff in its own motion for summary judgment or in opposition to a defendant's motion for summary judgment) (*citing Lazaara v. Howard A. Esser, Inc.*, 802 F.2d 260, 269 (7th Cir. 1986) (holding that a ground not pressed in the district court in opposition to a motion for summary judgment is to be treated by the district court as abandoned.))

In this case, Plaintiff's Response did not address Count One's sexual harassment claim or Count Three's racial discrimination claim.  Consequently, Defendant's Motion is **GRANTED** as to these claims.

5

**II. Plaintiff's discrimination claims.**

Plaintiff alleges two claims for sex discrimination in Count One and one claim for age discrimination in Count Two. More specifically, Count One's sex discrimination and Count Two's age discrimination claims aver discrimination based on unequal pay. Count One also contains a general sex discrimination based on a separate adverse employment action. Defendant argues that Plaintiff cannot establish a *prima facie* case relative to any of these claims, and that it had legitimate, non-discriminatory reasons for its conduct. ADEA discrimination claims are analyzed under the same framework as Title VII discrimination claims. *See Walker v. NationsBank of Florida, N.A.*, 53 F.3d 1548, 1556 (11ᵗʰ Cir. 1995). To survive summary judgment on a discrimination claim, the plaintiff must establish either direct or circumstantial evidence of intentional discrimination. *See Stallworth v. Shuler*, 777 F.2d 1431, 1433 (11ᵗʰ Cir. 1985). If the plaintiff seeks to establish a discrimination claim based on circumstantial evidence, the *McDonnell Douglas* analytical framework applies. *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). Under this framework, the plaintiff bears the initial burden of establishing a *prima facie* case by at least a preponderance of the evidence. *Id*. at 802. If the plaintiff succeeds, the burden then shifts to the defendant to "articulate some legitimate, non-discriminatory reason" for the employer's action. *Id*. at 802-03. Provided the defendant meets this burden, the plaintiff must then show by a preponderance of the evidence that the defendant's proffered reasons were a pretext for discrimination. *Id*. at 804.

Plaintiff's Complaint alleges age and sex discrimination claims based on unequal pay[2]

---

[2]Compl., ¶12.

and a general sex discrimination claim based on a separate adverse employment action.[3]  Because the Eleventh Circuit characterizes discrimination slightly different in the unequal pay context than in the general discrimination context, this memorandum addresses the unequal pay claims separately from the general adverse employment action claim.

### A.  Discrimination based on unequal pay.

Count One's Title VII sex discrimination claim and Count Two's age discrimination claim contain allegations of discrimination based on unequal pay.  To state a *prima facie* case of discrimination in compensation, Plaintiff must establish that (1) she belongs to a protected class; (2) she received low wages; (3) similarly situated comparators outside her protected class received higher wages; and (4) she was qualified to receive the higher wages.  *See Cooper v. Southern Co.*, 390 F.3d 695, 734-35 (11th Cir. 2004).

The court concludes, based on Defendant's Statement of Material Facts[4] and the Affidavit of Dennis Kirkland,[5] that a genuine issue of material fact exists as to whether Plaintiff received lower wages than Brownlow and Popham for the same work.  Specifically, the record indicates that even though Plaintiff received a pay raise of $0.25 per hour every three months, it took her over two years and four months to reach the maximum pay available to saw operators for the first time.[6]  In contrast, the evidence shows that Brownlow and Popham, two males under the age of forty, first achieved the maximum pay available to saw operators after only approximately seven

---

[3]*Id.*, ¶10.

[4]Def.'s Statement of Facts, ¶¶24-34.

[5]Kirkland Affid., ¶¶10, 13-15.

[6]Langley Dep., pp. 24-28; Kirkland Affid., ¶12.

months in the position.[7]  This disparity creates an issue of fact regarding Plaintiff's *prima facie* case of discrimination in compensation.

Moreover, the court finds that Defendant did not satisfy its burden of proffering legitimate, non-discriminatory reasons for the pay discrepancy.  The record indicates that Defendant set its pay rates based on factors such as market conditions, the nature of the work, the number of employees needed for the position, and the skills required.[8]  However, Defendant did not articulate how these factors operated regarding the length of time it took Plaintiff to achieve the maximum pay rate available for saw operators as opposed to Brownlow and Popham.  Because Defendant did not satisfy its burden, Plaintiff is not required to produce evidence of pretext.  Accordingly, a genuine issue of fact exists as to Count One and Two's discrimination in compensation claims, and Defendant's Motion for Summary Judgment with respect to these claims is **DENIED**.[9]

**B. Discrimination based on an adverse employment action.**

Count One also contains a general Title VII sex discrimination claim whereby Plaintiff claims that she was made to cut heavier wood than the other saw operators, and as a result could not meet her target production levels.  Plaintiff contends this action constituted an adverse

---

[7]Kirkland Affid., ¶¶13-14.

[8]*Id.*, ¶10.

[9]Defendant also contends that "any claims Langley may be making relative to pay raises she received before January 27, 2003, are time-barred."  Def.'s Br. in Supp. of Mot. for Summ. J., p. 24.  However, Plaintiff's claims appear to be based on (1) the April, 2003 date on which she first received the maximum pay available to saw operators; and (2) the February and March, 2004 dates that Brownlow and Popham first received the maximum pay rate available to saw operators.

employment action because she was terminated, in part, for failing to meet production levels.

Defendant argues that Plaintiff cannot establish a *prima facie* case of sex discrimination under the general discrimination context.  To state a *prima facie* case of sex discrimination, Plaintiff must show that (1) she belongs to a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) she was treated less favorably than a similarly situated person outside the protected class.  *Jeronimus v. Polk Cty. Opportunity Council, Inc.*, 145 Fed. Appx. 319, 324 (11th Cir. 2005).

Defendant concedes that Plaintiff is a member of a protected class, but claims that Plaintiff cannot establish the other elements.  However, the affidavit of Casey Brownlow provides evidence that (1) Brownlow was ordered to cut light pieces of wood; (2) Plaintiff was ordered to cut large pieces of wood; (3) Plaintiff could not meet production because she was given the majority of larger pieces to cut; and (4) Brownlow was told by a supervisor that Defendant wanted Plaintiff to be fired.[10]  This evidence, viewed in the light most favorable to the non-movant, sufficiently establishes an issue of fact because one of the specified reasons Plaintiff was terminated was her failure to meet production levels.  Although the affidavit does not specify who ordered Brownlow to cut the smaller pieces of wood, the court can reasonably assume that it was one of Defendant's agents; thus, the evidence would not be inadmissible hearsay.  A justifiable inference could be drawn from this evidence that Defendant treated Plaintiff differently in the terms and conditions of her employment to set her up for failure to meet her productions levels as a justification for her termination.  Consequently, Plaintiff established a genuine issue of fact regarding her *prima facie* case of sex discrimination based on an adverse

---

[10]Brownlow Affid., ¶¶ 9-11, 16.

9

employment action.

Even assuming *arguendo* that Defendant met its burden of offering legitimate, non-discriminatory reasons for its conduct, the court finds that Plaintiff established an issue of fact regarding pretext.  The Brownlow affidavit offers evidence that Defendant's assignment of the heavier pieces of wood to Plaintiff essentially set Plaintiff up for failure, while Brownlow, a similarly situated comparator outside the protected class, was given lighter pieces of wood to cut that enabled him to meet production levels.

The Brownlow affidavit may be weak evidence regarding the general sex discrimination claim based on an adverse employment action.  However, viewing this evidence in the light most favorable to the non-moving party, as the court must do, the court has not choice but to **DENY** Defendant's Motion as to Count One's general sex discrimination claim.

**CONCLUSION**

Defendant's Motion is due to be **GRANTED in part** and **DENIED in part**. Specifically, Defendant's Motion is **GRANTED** as to Count One's sexual harassment claim and Count Three's race discrimination claim.  Defendant's Motion is **DENIED** as to Count One's sex discrimination claims, and Count Two's age discrimination claim.

DONE and ORDERED this 17th day of January, 2006.



KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE